■ MENDEL LURIE, Individually, and on Behalf of Himself and All of the Stockholders of the ASSOCIATED LAUNDRIES OF AMERICA, INC., Appellant, v. MARTIN ABELOVE et al., Respondents. Order, entered on March 29, 1963, granting defendants' motion to dismiss the complaint for failure to prosecute in a stockholder's derivative action, unanimously affirmed, with $20 costs and disbursements to defendants-respondents. Whether or not delay in prosecution is unreasonable depends upon the nature of the case, the degree of merit in the case and the particular difficulties in going forward with the case. If the delay in prosecution is unreasonable, the nature of the action does not preclude dismissal therefor. (See *Sortino* v. *Fisher,* 20 A D 2d 25.) Concur — Breitel, J. P., Valente, McNally and Eager, JJ.

■ REECIE OF LONDON, LTD., Appellant, v. HENRY HOLT et al., Doing Business under the Name of THOMSON & McKINNON, Respondents.— Order entered on May 7, 1963, granting defendants' motion to dismiss the complaint for failure to prosecute in an action against partners of a brokerage house for damages allegedly caused by misrepresentation in connection with disposing of, holding or acquiring securities, unanimously affirmed, with $20 costs and disbursements to defendants-respondents. Whether or not delay in prosecution is unreasonable depends upon the nature of the case, the degree of merit in the case and the particular difficulties in going forward with the case. If the delay in prosecution is unreasonable, the nature of the action does not preclude dismissal therefor. (See *Sortino* v. *Fisher,* 20 A D 2d 25.) Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

## (January 28, 1964)

■ LUCIA SAPORITO, as Administratrix of the Estate of CATALDO SAPORITO, Deceased, Respondent-Appellant, v. CITY OF NEW YORK et al., Respondents, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.— Judgment in favor of plaintiff unanimously reversed on the law, on the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendant Consolidated Edison Company against the plaintiff and without costs to any other party, unless plaintiff stipulates, in lieu of the award by verdict, to accept $85,000 on the cause of action for wrongful death and $25,000 on the cause of action for pain and suffering, in which event, the judgment is modified to that extent and as thus modified, affirmed, with costs as above. On the record in this case, it is evident that the jury verdict is grossly excessive in its award of damages, and that a verdict in excess of the amounts indicated is clearly not warranted. Settle order on notice. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.